UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

| | |
|---|---|
| NATHANIEL J. SCHIEFELBEIN,<br><br>Plaintiff,<br><br>vs.<br><br>NICHOLAS SCHIEFELBEIN; REYNA AVILA; MEGAN RYAN; TEXAS FIRE ANTS; NORTHERN SNAKEHEADS; DERRICK MELTON II; JARED FOGLE JR.; MRS. FRMR FOGLE; ALAN NUNEZ; DUSTIN SELLERS JR.; DUSTIN STEVENS JR.; STATE FARM CAR INSURANCE; GEICO CAR INSURANCE; JESSICA STEVENS; MRS. FRMR STEVENS; KEVIN NAVERRO JR.; TERRY TICO; THOMAS JERRY BRADFORD III; JOSHUA JOSEPH; MARCUS NEWBY JR.; BALTIMORE GENERAL HOSPITAL; ANNE WEBER CEDARFORCE; CHRISTION BORGES JR.; CHRISTOPHER HOPKINS JR.; ASHLEY MOSSEAU; TONY, ANTHONY OSBORNE; BUNNORY SCHMONY; LEONA SMETHING; SOINPHORD ST. PHARD; LEONARD OSBORNE; CARLOS ALONZO; GREAT GRANDMA MCCLELLON; I.N.S., Immigration Naturalization Service Police Department, Texas, Mexico; DORIAN STANFORD; RAYMOND STANFORD; VICTORIA JOHNSON; DEANNA K OF TACOMA; SUMMER VILLOGE; REGINALD/REGGIE STARLING/STERLING; PATRICIA ANDERSON; LARRY BUGGS, II; LARRY BUGGS III; KEVI ISRAEL JR., FAKE MS. MRS. ISRAEL; HADJI MOHAMMED JR., aka Muhammol; HEIDI AVILA; KENNETH REYNOLDS JR.; UNITED | 3:25-CV-03012-CCT<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND 1915 SCREENING** |

|  |  |
|---|---|
| STATES POST OFFICE, U.S.P.S.; TODDS; SOCHO JOHN JR.; DEPARTMENT OF DEFENCE; DIISTRICT SCHOOLS; CURTIS SMITH; SGT TIMS; ANTONIO AVIB; USAA CAR INSURANCE; DANIEL STONE SNR.; DANIEL STONE JR.; OSCAR STEVEN NUNEZ JR.; RICARDO GONZALEZ GARCIA; T.S.A, Transportation, Security Administration, East Coast; KERRY JOHNSTONE; TOSHIBO WALLACE; BEVENIDO DERIKE; ANTONIO QUINTILLO; QUESDILLA JR.; DENNIS AVERY JOHNSON JR.; ROBERT KEIFER SNR.; ROBERT KEIFER JR.; MR. UNNON HEIGEL FRMER.; ORANGE PEEL HEIGEL; CHRIS LYERLY JR.; RONALD SMITH JR.; RONALD SMITH SNR.; WOLASKA ARDON; ERVIN NUNEZ; HOLOHON CAITLOM; PATRICIA CULPEPPER (Cunningham, fmr.); LINDSAY FORD, of Wheaton, <br><br>                              Defendants.[1] |  |

Plaintiff, Nathaniel J. Schiefelbein, filed a pro se civil rights lawsuit. Dockets 1, 7.[2] Schiefelbein also filed a motion for leave to proceed in forma pauperis, Docket 3, and a motion to appoint counsel, Docket 4.

---

[1] The list of defendants Schiefelbein provides in his amended complaint, Docket 7, is difficult to understand. This is the list of defendants as the Court understands Schiefelbein's amended complaint.

[2] After filing his original complaint, Schiefelbein filed a motion to amend his complaint, Docket 7. Pursuant to Federal Rule of Civil Procedure 15(a), a party may amend its pleading once as a matter course. Fed. R. Civ. P. 15(a). Thus, Schiefelbein's motion to amend, Docket 7, is granted. Because an amended pleading "supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified[,]" 6 *Wright & Miller's Federal Practice & Procedure* § 1476 (3d ed. 2025), this Court will screen Schiefelbein's amended complaint under 28 U.S.C. § 1915. Even if the Court construes the complaint, amended complaint, proposed second amended complaint, and supplement, which the plaintiff filed without obtaining leave of court

2

I.   Motion for Leave to Proceed In Forma Pauperis

A federal court may authorize the commencement of any lawsuit without prepayment of fees when an applicant submits an affidavit stating he or she is unable to pay the costs of the lawsuit. 28 U.S.C. § 1915(a)(1). "[I]n forma pauperis status does not require a litigant to demonstrate absolute destitution." *Lee v. McDonald's Corp.*, 231 F.3d 456, 459 (8th Cir. 2000). But in forma pauperis status is a privilege, not a right. *Williams v. McKenzie*, 834 F.2d 152, 154 (8th Cir. 1987). Determining whether an applicant is sufficiently impoverished to qualify to proceed in forma pauperis under § 1915 is committed to the sound discretion of the district court. *Cross v. Gen. Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983). After review of Schiefelbein's financial affidavit, this Court finds that he has insufficient funds to pay the filing fee. *See* Docket 3. Thus, Schiefelbein's motion for leave to proceed in forma pauperis, Docket 3, is granted.

II.  1915 Screening

   A.   Factual Background as Alleged by Schiefelbein

The Court takes as true the well-pleaded facts alleged in the complaint, but Schiefelbein's allegations neither provide a coherent narrative nor allege a cognizable cause of action. *See* Docket 7. Indeed, this Court cannot identify a cause of action in Schiefelbein's amended complaint, as it consists almost

---

as required by Federal Rule of Civil Procedure 15(d), all together, Schiefelbein has failed to allege any cognizable claim or cause of action.

exclusively of a list of individuals and entities whom Schiefelbein names as defendants. *See id.* Schiefelbein provides no explanation as to how these individuals harmed him and instead provides his personal opinions of certain defendants, as well as nonsensical statements that do not provide this Court with any insight as to Schiefelbein's claims or cause of action. *See id.* at 2 (providing statements like "Anne weber cedorfoce, I liked her, grandma, been dead" and "Nintendo game boy advance, duck hunt, super mario bros[]" without context); *id.* at 4 (stating "Lindsay ford of Wheaton $1,000 giftcard offer nur produced"). Liberally construing Schiefelbein's complaint, his only requests for relief are the following: "AAA give it back" and "USAA give it back[.]" *Id.* at 2.

### B.   Legal Standard

When a district court determines a plaintiff is financially eligible to proceed in forma pauperis under § 1915(a), a court must then determine whether the complaint should be dismissed under § 1915(e)(2)(B). *Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982) (per curiam); *see also Key v. Does*, 217 F. Supp. 3d 1006, 1007 (E.D. Ark. 2016). A court must dismiss claims if they "(i) [are] frivolous or malicious; (ii) fail[] to state a claim on which relief may be granted; or (iii) seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A court when screening under § 1915 must assume as true all facts well pleaded in the complaint. *Est. of Rosenberg v. Crandell*, 56 F.3d 35, 36 (8th Cir. 1995). Pro se and civil rights complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Bediako v. Stein Mart, Inc.*, 354

4

F.3d 835, 839 (8th Cir. 2004) (citation omitted). Even with this construction, "a *pro se* complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (citation omitted); *see also Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013) (per curiam) (citation omitted).

      A district court has the duty to examine a pro se complaint "to determine if the allegations provide for relief on any possible theory." *Williams v. Willits*, 853 F.2d 586, 588 (8th Cir. 1988) (citing *Bramlet v. Wilson*, 495 F.2d 714, 716 (8th Cir. 1974)). A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation omitted). If a complaint does not contain these bare essentials, dismissal is appropriate. *See Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985) (citation omitted). *Twombly* requires that a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true[.]" 550 U.S. at 555 (internal citation omitted); *see also Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008) (per curiam) (noting that a complaint "must contain either direct or inferential allegations respecting all material elements necessary to sustain recovery under some viable legal theory" (citing *Twombly*, 550 U.S. at 553–63)). Further, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and that a recovery is very remote and unlikely."

5

*Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (internal quotation omitted) (quoting *Twombly*, 550 U.S. at 556).

  **C.** **Legal Analysis**

  Although pro se complaints are to be construed liberally, "they must still allege facts sufficient to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). Here, Schiefelbein's amended complaint is comprised almost entirely of a list of defendants, and the few statements he provides otherwise are far from sufficient to support any viable claim or cause of action. *See* Docket 7. Indeed, it is not clear from his amended complaint what claims he seeks to bring. Even a liberal construction of Schiefelbein's complaint yields no cognizable claim or cause of action.

  Further, to provide a defendant with notice as required by the Federal Rules of Civil Procedure, the plaintiff must do more than place a defendant's name in the caption. *See Mencin v. City of Troy Police*, No. 4:24-CV-852, 2024 WL 4370846, at *3 (E.D. Mo. Oct. 2, 2024) ("Simply placing a defendant's name in the caption is not enough to assert their responsibility."). Here, Schiefelbein's amended complaint appends to a handful of defendants' names statements such as "I liked her" or "fed prson [sic] inmate deadbeat jerk." *See* Docket 7 at 2. But these few, irrelevant statements do not provide enough to state a cognizable claim. *See Batchelder v. I.N.S.*, 180 F. App'x 614, 615 (8th Cir. 2006) (per curiam) (affirming the district court's dismissal of a complaint because its "largely unintelligible and incomprehensible allegations fail to provide fair notice of [the plaintiff's] claims and the grounds upon which they

6

rest."); *Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (per curiam) (holding that a plaintiff "failed to state any claim whatsoever" against defendants when "he merely listed these individuals as defendants in his complaint and did not allege they were personally involved in the constitutional violations.").

Therefore, Schiefelbein's amended complaint fails to state a claim upon which relief can be granted, and his amended complaint must be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii). *See also Holloway v. DMV Dep't of Motor Vehicles*, No. 8:19CV326, 2019 WL 3554816, at *1 (D. Neb. Aug. 5, 2019) (dismissing a complaint when the complaint was "completely unintelligible and without a factual or legal basis" and when the court could identify "no federal statutory or constitutional provision that would give rise to plausible claim for relief").

### III.  Motion For Leave to File a Second Amended Complaint

Schiefelbein filed a second motion to amend his complaint. Docket 8. Because Schiefelbein has already amended his complaint once as a matter of course, he may only amend his pleading further "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Under Rule 15(a), "[t]he court should freely give leave [to amend the complaint] when justice so requires," Fed. R. Civ. P. 15(a)(2), and "[a] decision whether to allow a party to amend [a] complaint is left to the sound discretion of the district court," *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008). But a party has no absolute right to amend its pleadings. *Sherman v. Winco Fireworks, Inc.*, 532

F.3d 709, 715 (8th Cir. 2008) (citation omitted). Courts may deny leave to amend if there is "undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party." *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

"Denial of a motion for leave to amend on the basis of futility 'means the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.'" *Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010) (*Cornelia I. Crowell GST Trust v. Possis Med., Inc.*, 519 F.3d 778, 782 (8th Cir. 2008)). In his proposed second amended complaint, Schiefelbein attempts to name additional defendants. *See* Docket 8. But Schiefelbein names similarly nonsensical defendants in his proposed amended complaint and again fails to state any sort of cognizable claim. *See id.* at 1 (naming "Kitzingen germony Polizei" as a defendant); *id.* at 2 (stating "Great Grandpa McClellon which died long ago (1999) Im innocent of him.").

As in his first amended complaint, Schiefelbein's claims are hard to understand and do not make clear why he has a civil cause of action against the defendants. Schiefelbein's proposed second amended complaint fails to state a cognizable claim or provide any facts that raise a right to relief above the speculative level. *Twombly*, 550 U.S. at 555. Because his proposed second amended complaint also fails to state a claim upon which relief may be

granted, granting Schiefelbein's second motion to amend his complaint would be futile, and his motion to amend his complaint, Docket 8, must be denied.

## IV.     Motion to Appoint Counsel

Schiefelbein has also filed a motion to appoint counsel. Docket 4. Because Schiefelbein's claims are all dismissed, the motion to appoint counsel, Docket 4, is denied as moot.

## V.      Conclusion

Thus, it is ORDERED:

1. That Schiefelbein's motion for leave to proceed in forma pauperis, Docket 3, is granted.

2. That Schiefelbein's motion to amend, Docket 7, is granted.

3. That Schiefelbein's amended complaint, Docket 7, is dismissed for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii).

4. That Schiefelbein's motion to appoint counsel, Docket 4, is denied as moot.

5. That Schiefelbein's second motion to amend his complaint, Docket 8, is denied as futile.

Dated March 10, 2026.

BY THE COURT:

/s/ *Camela C. Theeler*
CAMELA C. THEELER
UNITED STATES DISTRICT JUDGE